PER CURIAM.
This matter if before the Court on Petition for Approval of Conditional Guilty Plea and Entry of Final Order of Discipline.
On August 3, 1977, The Florida Bar filed its Petition alleging:
“1. During November 1973, Frank E. Freeman represented Al and Blanche Lil-ienfeld, as their attorney, in the sale of their restaurant franchise to Louis and Evelyn Friedland, pursuant to which the Lilienfelds would receive a mortgage from the Friedlands.
“2. Mr. Freeman received for his services in the above-described transaction a fee in the amount .of $500.
“3. In addition, Mr. Freeman received from the Lilienfelds $233 for documentary stamps for the above-described mortgage and another $200 for preparing a new set of corporate books and for purchasing new stock certificates.
“4. Mr. Freeman subsequently misplaced the mortgage document, failed to record it with the clerk of county court, and did not attempt to find it until after a malpractice suit was filed against him by the Lilienfelds.
“5. Between the 1973 closing and the malpractice suit filed by the Lilienfelds, the Friedlands obtained and recorded a second mortgage on the restaurant franchise.
“6. Because of Mr. Freeman’s failure to record the first mortgage, it would be necessary for the Lilienfelds to initiate court proceedings to establish the priority of their mortgage should the second mortgage on the restaurant franchise default.
“7. Mr. Freeman did not give the corporate books to either the Lilienfelds or the Friedlands.
“8. Mr. Freeman repeatedly avoided demands by the Lilienfelds and their attorney, Howard L. Kuker, that Mr. Freeman return to the Lilienfelds their papers and property relating to the above-described real estate transaction.
“9. During 1973, Mr. Freeman agreed to represent Charlene McKeever of Duluth, Minnesota, in prosecuting a claim in the courts of Dade County, Florida.
“10. The above-described claim was dismissed by the court in 1973.
“11. Mr. Freeman neglected to inform Charlene McKeever that her claim had been dismissed for a period of two years after its dismissal.
“12. Pursuant to a complaint filed by Charlene McKeever with The Florida Bar, investigative proceedings were held on July 23,1975, by the Eleventh Judicial Circuit Grievance Committee, Committee “K.”
*85 “13. On July 25, 1975, the Eleventh Judicial Circuit Grievance Committee, Committee “K” found probable cause justifying further disciplinary proceedings against Mr. Freeman in the matter involving Charlene McKeever.
“14. Pursuant to a complaint filed by A1 Lilienfeld with The Florida Bar, investigative proceedings were held on December 18, 1975, by the Eleventh Judicial Circuit Grievance Committee “K.”
“15. On December 29, 1975, the Eleventh Judicial Circuit Grievance Committee “K” found probable cause justifying further disciplinary proceedings against Mr. Freeman in the matter involving the sale of the Lilienfelds’ restaurant franchise.
“16. Thereafter, the Board of Governors of The Florida Bar authorized staff counsel to tender to Mr. Freeman a conditional guilty plea for consent judgment for a public reprimand and payment of costs in the amount of $253.00.
“17. Staff counsel subsequently submitted a conditional guilty plea to Mr. Freeman, which Mr. Freeman agreed to execute.”
The Petition for Approval of Conditional Guilty Plea is granted, and Respondent, Frank E. Freeman, is hereby disciplined by public reprimand to be published in the Southern Reporter based upon the facts set forth above. The publication of this Opinion shall serve as the public reprimand to Respondent.
Costs in the amount of two-hundred and fifty-three dollars ($253) are hereby taxed against the Respondent.
It is so ordered.
OVERTON, C. J., and ADKINS, BOYD, ENGLAND and SUNDBERG, JJ., concur.